1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DAVID STEWART ROY,

11          Petitioner,                    No. 2:08-cv-2379-LKK-JFM (HC)

12      vs.

13   TOM FELKER, Warden,

14          Respondent.             FINDINGS AND RECOMMENDATIONS

15  _____/

16          Petitioner is a state prisoner proceeding pro se with an application for a writ of

17   habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner was convicted by a jury in 2006 of

18   robbery in the second degree, in violation of Cal. Penal Code § 211, and assault with a firearm,

19   in violation of Cal. Penal Code § 245(a)(2), with a special allegation that petitioner used a

20   firearm in the commission of the offense, in violation of Cal. Penal Code § 12022.53(b).

21   (Reporter's Transcript ("RT") at 321.)  The jury also found three prior felonies (one juvenile

22   adjudication and two federal armed bank robbery convictions).  (Id. at 367-68.)  Petitioner was

23   sentenced to an aggregate term of fifteen years to life, plus twenty-five years to life.

24          This action is proceeding on three claims concerning petitioner's sentence and

25   raised in the petition, filed October 8, 2008.  Petitioner claims that his juvenile adjudication

26   should not have been used as a basis for enhancing his sentence; he was denied the right to

1

1   effective assistance of trial counsel when his attorney failed to object to the court's use of his

2   prior juvenile adjudication as a "strike"; and there was insufficient evidence to support the jury's

3   finding that his two prior armed robbery convictions qualified as "strikes."

4                                  FACTUAL AND PROCEDURAL BACKGROUND[1]

5          A jury found [petitioner] guilty of second degree robbery and assault with
a firearm.  The jury also found true an enhancement for personal use of a firearm

6         in connection with the robbery conviction and three prior felony convictions.  The
court sentenced him to an aggregate term of 15 years to life, plus 25 years to life.

7   . . .

8          We omit the facts surrounding [petitioner]'s current conviction because
they are not relevant to the resolution of this appeal.

9

10         In addition to the robbery and assault charges, the information alleged that
[petitioner] had three prior strikes – a 1992 juvenile adjudication for robbery and
two 1995 federal convictions for bank robbery.

11

12         The issue of [petitioner]'s prior convictions was tried to the jury along
with the current offenses.  As proof of [petitioner]'s 1995 strike convictions, the
People introduced a certified copy of the "JUDGMENT INCLUDING

13   SENTENCE UNDER THE SENTENCING REFORM ACT" from the United
States District Court, Eastern District of California, which states that in 1995

14   appellant pled guilty to two counts of an offense described as "AIDING AND
ABETTING ARMED BANK ROBBERY" in violation of 18 U.S.C. section

15   2113(a) and (d), and was committed to federal prison for a term of 156 months.
The judgment further provides that [petitioner] pled guilty to "USE OF A

16   FIREARM DURING A CRIME OF VIOLENCE" in violation of 18 U.S.C.
section 924(c)(1).

17

18         After reviewing the evidence, the jury found the prior conviction
allegations true.  The court then found the convictions were "strikes" and, as a
result, sentenced [petitioner] to an aggregate term of 15 years to life, plus 25 years

19   to life.

20   (People v. Roy, slip op. at 1-2.)

21                                  PROCEDURAL BACKGROUND

22          Petitioner timely appealed to the California Court of Appeal, Third Appellate

23   District.  (Lodgment 1.)  The state appellate court affirmed petitioner's conviction and sentence

24

25        [1]  The statement of facts is taken from the opinion of the California Court of Appeal for
the Third Appellate District in People v. Roy, No. C054840 (March 13, 2008), a copy of which

26   was lodged by respondent on January 5, 2009 as Lodgment 4.

1   on March 13, 2008.  (Lodgment 4.)

2            Petitioner timely petitioned the California Supreme Court for review.  (Lodgment

3   5.)  Review was denied on May 21, 2008.  (Lodgment 6.)

4            On October 8, 2008, 2009, petitioner filed a petition for writ of habeas corpus in

5   this court.  On December 22, 2008, respondent filed an answer.  On January 15, 2009, petitioner

6   filed a traverse.

7                                                ANALYSIS

8   I.        Standards for a Writ of Habeas Corpus

9            Federal habeas corpus relief is not available for any claim decided on the merits

10  in

11  state court proceedings unless the state court's adjudication of the claim:

12               (1) resulted in a decision that was contrary to, or involved an
                 unreasonable application of, clearly established Federal law, as
13               determined by the Supreme Court of the United States; or

14               (2) resulted in a decision that was based on an unreasonable
                 determination of the facts in light of the evidence presented in the
15               State court proceeding.

16  28 U.S.C. § 2254(d).

17           Under section 2254(d)(1), a state court decision is "contrary to" clearly

18  established United States Supreme Court precedents if it applies a rule that contradicts the

19  governing law set forth in Supreme Court cases, or if it confronts a set of facts that are materially

20  indistinguishable from a decision of the  Supreme Court and nevertheless arrives at different

21  result.  Early v. Packer, 537 U.S. 3, 7 (2002) (citing Williams v. Taylor, 529 U.S. 362, 405-406

22  (2000)).

23           Under the  "unreasonable application" clause of section 2254(d)(1), a federal

24  habeas court may grant the writ if the state court identifies the correct governing legal principle

25  from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the

26  prisoner's case.  Williams, 529 U.S. at 413.  A federal habeas court "may not issue the writ

1   simply because that court concludes in its independent judgment that the relevant state-court

2   decision applied clearly established federal law erroneously or incorrectly.  Rather, that

3   application must also be unreasonable."  Id. at 412; see also Lockyer v. Andrade, 538 U.S. 63, 75

4   (2003) (it is "not enough that a federal habeas court, in its independent review of the legal

5   question, is left with a 'firm conviction' that the state court was 'erroneous.'")  The court looks

6   to the last reasoned state court decision as the basis for the state court judgment.  Avila v.

7   Galaza, 297 F.3d 911, 918 (9th Cir. 2002).

8   II.        Petitioner's Claims

9           1.        Grounds One and Two

10              Petitioner first claims that the trial court improperly construed a juvenile

11  adjudication as a strike and that his trial counsel was ineffective for failing to object during

12  sentencing.

13              The last reasoned rejection of this claim is the decision of the California Court of

14  Appeal for the Third Appellate District on petitioner's direct appeal:

15              [Petitioner] also contends the trial court violated his Sixth Amendment
        right to a jury trial when the court used [petitioner]'s prior juvenile adjudication
16      for robbery to enhance his sentence here.  [Petitioner] forfeited this claim because
        he failed to raise the issue when he was sentenced.  (People v. Hill (2005) 131
17      Cal.App.4th 1089, 1103, citing People v. Saunders (1993) 5 Cal.4th 580, 590 &
        fn. 6 [issues not raised in the trial court, including constitutional claims under the
18      Sixth Amendment, are subject to forfeiture].)  Even if [petitioner] had not
        forfeited his claim, it fails on the merits.

19
                To support his claim, [petitioner] relies heavily on the decision of the
20      Court of Appeals for the Ninth circuit in U.S. v. Tighe (9th Cir. 2001) 266 F.3d
        1187.  Tighe reasons that a prior nonjury juvenile adjudication cannot be used to
21      increase the penalty beyond that authorized for the current offense along, finding
        that under Apprendi v. New Jersey (2000) 530 U.S. 466 [147 L.Ed.2d 435] a
22      "prior conviction" can be so used only if "obtained through proceedings that
        included the right to a jury trial and proof beyond a reasonable doubt."" (Tighe, at
23      p. 1194; see also id. at p. 1197.)  This court rejected the Tighe view in People v.
        Palmer (2006) 142 Cal.App.4th 724, 727.  Palmer is supported by the rejection in
24      People v. Black (2007) 41 Cal.4th 799, 819, footnote 8, of the claim that the
        federal right to a jury trial includes the right to a jury determination on prior
25      conviction allegations.  We follow Palmer and find the contention of error lacks
        merit for the reasons given therein.

26

1

2

3

4

       [Petitioner] further claims he suffered ineffective assistance of counsel at trial because trial counsel failed to object to his sentence on this ground.  Trial counsel, however, is not required to "advance meritless arguments . . . merely to create a record impregnable to assault for claimed inadequacy of counsel." (*People v. Jones* (1979) 96 Cal.App.3d 820, 827.)  Because we find his claim has no merit, trial counsel was not ineffective for failing to raise the issue below.

(People v. Roy, slip op. at 5-7.)

5

6

7

8

9

10

11

12

13

14

15

16

17

       As the United States Supreme Court has explained, in all cases in which a state prisoner has defaulted his federal claim in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.  Coleman v. Thompson, 501 U.S. 722, 750 (1991).  The state rule is only "adequate" if it is "firmly established and regularly followed."  Id. (quoting Ford v. Georgia, 498 U.S. 411, 424 (1991)); Bennett v. Calderon, 322 F.3d 573, 583 (9th Cir. 2003) ("[t]o be deemed adequate, the state law ground for decision must be well-established and consistently applied").  The state rule must also be "independent" in that it is not "interwoven with the federal law." Park v. California, 202 F.3d 1146, 1152 (9th Cir. 2000), cert. denied, 531 U.S. 918 (2000) (quoting Michigan v. Long, 463 U.S. 1032, 1040-41 (1983).

18

19

20

21

22

23

24

25

26

       When the state court discusses a procedural default but also reaches the merits of a claim, a denial of the claim cannot be said to have relied on the procedural default.  See Thomas v. Hubbard, 273 F.3d 1164, 1176 (9th Cir. 2001).  As the Ninth Circuit observed in Panther v. Hames, 991 F.2d 576, 580 (9th Cir. 1993), "... because the Alaska Court of Appeals considered Panther's claim on the merits ... so can we."  In Thomas, the state court discussed the issue of procedural default but then went on to deny the claim because any error was harmless. See Thomas, 273 F.3d at 1176.  The Ninth Circuit held: "In doing so, the [state] court left the resolution of the procedural default issue uncertain rather than making a clear and express statement that its decision was based on a procedural default."  Id.  Therefore, where, as here, the

1  state court discusses both procedural default and the merits, and does not expressly hold that the

2  procedural default is the basis of the denial, the procedural default does not operate to bar federal

3  review.

4          In Apprendi v. New Jersey, 530 U.S. 466 (2000), the United States Supreme

5  Court held as a matter of constitutional law that, other than the fact of a prior conviction, "any

6  fact that increases the penalty for a crime beyond the prescribed statutory maximum must be

7  submitted to a jury, and proved beyond a reasonable doubt."  530 U.S. at 490.  In Blakely v.

8  Washington, 542 U.S. 296 (2004), the Supreme Court held that the "statutory maximum for

9  Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts

10  reflected in the jury verdict or admitted by the defendant."  Blakely, 542 U.S. at 303.  There is a

11  narrow exception to this rule, however, for enhancements that are based on prior convictions;

12  these need not be submitted to the jury.  See Almendarez-Torres v. United States, 523 U.S. 224,

13  244 (1998)  ("[T]o hold that the Constitution requires that recidivism be deemed an 'element' of

14  petitioner's offense would mark an abrupt departure from a longstanding tradition of treating

15  recidivism as 'go[ing] to punishment only.' "); Butler v. Curry, 528 F.3d 624, 641 (9th Cir.

16  2008).

17          In People v. Black, 35 Cal.4th 1238 (2005) ("Black I"), the California Supreme

18  Court held that California's statutory scheme providing for the imposition of an upper term

19  sentence did not violate the constitutional principles set forth in Apprendi and Blakely.  The

20  court in Black I reasoned that the discretion afforded to a sentencing judge in choosing a lower,

21  middle or upper term rendered the upper term under California law the "statutory maximum."

22  Black I, 35 Cal.4th at 1257-61.

23          In Cunningham v. California, 549 U.S. 270 (2007)[2], the United States Supreme

24  Court held that a California judge's imposition of an upper term sentence based on facts found

25

26     [2]  The Ninth Circuit subsequently held that Cunningham may be applied retroactively on collateral review.  Butler v. Curry, 528 F.3d 624, 639 (9th Cir.2008).

1  by the judge (other than the fact of a prior conviction) violated the constitutional principles set

2  forth in Apprendi and Blakely.  Cunningham expressly disapproved the holding and the

3  reasoning of Black I, finding that the middle term in California's determinate sentencing law was

4  the relevant statutory maximum for purposes of applying Blakely and Apprendi.  Cunningham,

5  549 U.S. at 291-94.

6          In light of Cunningham, the Supreme Court vacated Black I and remanded the

7  case to the California Supreme Court for further consideration.  Black v. California, 549 U.S.

8  1190 (2007).  On remand, the California Supreme Court held that "so long as a defendant is

9  eligible for the upper term by virtue of facts that have been established consistently with Sixth

10 Amendment principles, the federal Constitution permits the trial court to rely upon any number

11 of aggravating circumstances in exercising its discretion to select the appropriate term by

12 balancing aggravating and mitigating circumstances, regardless of whether the facts underlying

13 those circumstances have been found to be true by a jury."  People v. Black, 41 Cal.4th 799, 813

14 (2007) (Black II).  In other words, as long as one aggravating circumstance has been established

15 in a constitutional manner, a defendant's upper term sentence withstands Sixth Amendment

16 challenge.

17          Thereafter, relying on Black II, the Ninth Circuit confirmed that, under California

18 law, only one aggravating factor is necessary to authorize an upper term sentence.  Butler v.

19 Curry, 528 F.3d 624, 641-43 (9th Cir. 2008).

20          With respect to use of juvenile adjudications, the Ninth Circuit held in United

21 States v. Tighe that:

22      [T]he "prior conviction" exception to Apprendi's general rule must be limited to
        prior convictions that were themselves obtained through proceedings that
23      included the right to a jury trial and proof beyond a reasonable doubt.  Juvenile
        adjudications that do not afford the right to a jury trial and a
24      beyond-a-reasonable-doubt burden of proof, therefore, do not fall within
        Apprendi's "prior conviction" exception.

25
    266 F.3d 1187, 1194 (9th Cir. 2001).

26

1          Other federal circuit courts of appeal considering the issue have reached a

2   different conclusion.  See, e.g., United States v. Smalley, 294 F.3d 1030, 1032 (8th Cir. 2002).

3   The Ninth Circuit has recognized that the Third, Eighth, and Eleventh Circuits, in addition to

4   California state courts, have held that the Apprendi "prior conviction" exception includes

5   non-jury juvenile adjudications, which can be used to enhance a defendant's sentence.  See Boyd

6   v. Newland, 467 F.3d 1139, 1152 (9th Cir. 2006) ( "Tighe ... does not represent clearly

7   established federal law ...").  "[I]n the face of authority that is directly contrary to Tighe, and in

8   the absence of explicit direction from the Supreme Court, we cannot hold that the California

9   courts' use of Petitioner's juvenile adjudication as a sentencing enhancement was contrary to, or

10  involved an unreasonable application of, Supreme Court precedent."  Boyd, 467 F.3d at 1152.

11          The opinion of the Court of Appeal is not contrary to established Supreme Court

12  authority.  Moreover, the undersigned is bound by the Ninth Circuit's ruling in Boyd that the

13  holding in Tighe is not clearly established federal law set forth by the Supreme Court.  Boyd,

14  467 F.3d at 1152.  For these reasons, the undersigned further finds that petitioner's claim of

15  ineffective assistance of counsel fails because petitioner has not suffered any prejudice as a result

16  of counsel's failure to object.  See Strickland v. Washington, 466 U.S. 668 (1984).  Therefore

17  petitioner is not entitled to relief for these claims.

18          2.      Ground Three

19          Next, petitioner argues that there existed insufficient evidence for the jury's

20  finding that his two federal felony convictions constituted serious felony strikes under

21  California's three strikes law.

22          The state appellate court dismissed this claim on the following grounds:

23          [Petitioner] argues substantial evidence does not support the conclusion
            that his prior convictions for aiding and abetting federal armed bank robbery
24          constitute serious or violent felonies under the three strikes law.  In support of his
            argument, [petitioner] asserts the trial court was required to presume on this
25          evidentiary record that his federal convictions were for the least offense
            punishable under the federal statute, which would not qualify as a serious felony
26          under the three strikes law.  (See *People v. Leever* (1985) 173 Cal.App.3d 853,

872 [burglary type offenses described in the second paragraph of 18 U.S.C. § 2113(a) would not constitute a serious felony for purposes of three strikes law], disapproved on another ground in *People v. Ervin* (2000) 22 Cal.4th 48, 91.)  We disagree.

A court may look to the entire record of a conviction to determine the nature of the prior offense, but "when the record does not disclose any of the facts of the offense actually committed, the court will presume that the prior conviction was for the least offense punishable under the foreign law." (*People v. Guerrero* (1988) 44 Cal.3d 343, 354-355.)  *Guerrero* has been applied to overturn a prior strike finding based on a federal abstract of judgment showing a guilty plea to an offense simply described as "bank robbery" under 18 U.S.C. section 2113(a). (See *People v. Jones* (1999) 75 Cal.App.4th 616, 631-635.)  The court in *Jones* found the mere reference to "bank robbery" in the federal abstract was insufficiently reliable to overcome the *Guerrero* presumption that the defendant had committed the least offense punishable under 18 U.S.C. section 2113(a). (*Jones*, at p. 634.)

Here, however, the federal record shows that [petitioner] pled guilty to two counts of "aiding and abetting *armed* bank robbery" in violation of 18 U.S.C. section 2113(a) *and* (d). (Italics added.)  Use of the term "armed" and reference to subsection (d) which deals with punishment for, among other things, "use of a dangerous weapon or device" provides sufficient evidence to support the finding that these prior convictions could not have been based on the nonstrike offense in the second paragraph of 18 U.S.C. section 2113(a) and instead necessarily included the use of force, fear, and/or intimidation. (*United States v. McAvoy* (2d Cir. 1978) 574 F.2d 718, 721 [The phrase " 'by the use of a dangerous weapon or device' " must be read, regardless of punctuation, as modifying both the "assault" provision and " ' puts in jeopardy' " the provision of 18 U.S.C. § 2113(d)].) Indeed, [petitioner] admitted that he used a firearm during and in relation to the crime of violence he committed in robbing a bank on March 12, 1993. (18 U.S.C. § 924(c)(1)(A).)

The [petitioner] also argues that the definition of a dangerous weapon under 18 U.S.C. section 2113(d) is broader than that under California law because under federal law a dangerous weapon can include a toy gun.  In fact, under California law, a toy gun can be considered a dangerous weapon. (*People v. Godwin* (1996) 50 Cal.App.4th 1562, 1574; see also *People v. Hood* (1958) 160 Cal.App.2d 121, 122, citing *People v. Ward* (1948) 84 Cal.App.2d 357; *People v. Coleman* (1942) 53 Cal.App.2d 18, 29.)

[Petitioner] also argues that his prior convictions cannot be strikes under California law because the federal definition of "use of a dangerous weapon" is broader than California's, including the mere reference to a weapon, with no requirement that a weapon be shown.  Whether [petitioner] showed his weapon or merely made reference to the weapon in order to effectuate his crimes of bank robbery is irrelevant because either would result in the use of force, intimidation, and/or fear.

/////
/////

9

1        Accordingly, there is sufficient evidence to sustain the trial court's finding
2   that [petitioner]'s prior federal convictions constitute serious felonies under
    California law.

3   (People v. Roy, slip op. at 2-5.)

4        Upon examination, the undersigned concludes that petitioner's claim fails.  First,

5   petitioner is not entitled to habeas relief because the claim raises a state law issue not cognizable

6   on federal habeas review.  In conducting habeas review, a federal court is limited to deciding

7   whether a conviction violated the Constitution, laws or treaties of the United States.  28 U.S.C. §

8   2254(a); Estelle v. McGuire, 502 U.S. 62, 68 (1991).  Federal habeas relief is not available for

9   alleged errors in the application or interpretation of state law.  Estelle, 502 U.S. at 67-68.

10  Whether a conviction qualifies as a "serious felony" under California's sentence enhancement

11  provisions is a question of state sentencing law.  See Miller v. Vasquez, 868 F.2d 1116, 1118-19

12  (9th Cir. 1989) (whether assault with deadly weapon qualifies as serious felony under California

13  law is question of state sentencing law not cognizable on federal habeas review) (citation

14  omitted).

15       Second, to the extent petitioner's claim is construed as a federal due process /

16  sufficiency of the evidence claim, it fails on the merits because the California courts'

17  determination that the federal convictions qualify as strikes was not contrary to clearly

18  established federal law and did not result in an unreasonable determination of the facts.

19       To qualify as a strike, a conviction from another jurisdiction (a "foreign prior")

20  must include all of the elements of a qualifying California serious or violent felony.  Cal. Penal

21  Code §§ 667(d)(2), 1170.12(b)(2).  In determining whether the foreign prior contains all of the

22  elements of the California felony, the "entire record of the foreign conviction" may be

23  considered.  People v. Myers, 5 Cal.4th 1193, 1201 (Cal. 1993).  However, when the record fails

24  to disclose any of the facts of the offense actually committed, the court will presume that the

25  prior conviction was for the least offense punishable under the foreign law.  People v. Woodell,

26  17 Cal.4th 448, 452-53 (Cal. 1998).

1          Following his conviction on the charged offenses, a jury trial was held on

2  petitioner's prior felonies.  (RT at 351-72.)  As proof that petitioner suffered the two charged

3  prior federal felony convictions, the prosecutor introduced into evidence a packet in Case No.

4  293-CR-0383-DLS from the Eastern District of California, which included a copy of the criminal

5  docket and a document entitled "Judgment Including Sentence Under the Sentencing Reform

6  Act."  (See id. at 355, 414-418.)  The docket reflected that petitioner pled guilty on October 28,

7  2010.  (Id.)  The judgment reflected that petitioner pled guilty to aiding and abetting armed bank

8  robbery, in violation of 18 U.S.C. § 2113(a)(d)[3], for two separate incidents on different days.

9  (Id. at 356.)  The judgment further provided that petitioner pled guilty to "use of a firearm during

10  a crime of violence" in violation of 18 U.S.C. section 924(c)(1).  (Id. at 414.)

11          Because petitioner's plea did not disclose facts of the offenses, the court was

12  required to construe the federal priors as the least offense punishable under federal law.  See

13  Woodell, 17 Cal.4th at 452-53.  Petitioner argues that section 2113(a) has been interpreted to

14  include elements for either an offense of larceny burglary or robbery.  See People v. Jones, 75

---

[3] Section 2113(a)(d) provides:

(a) Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association; or [¶] Whoever enters or attempts to enter any bank, credit union, or any savings and loan association, or any building used in whole or in part as a bank, credit union, or as a savings and loan association, with intent to commit in such bank, credit union, or in such savings and loan association, or building, or part thereof, so used, any felony affecting such bank, credit union, or such savings and loan association and in violation of any statute of the United States, or any larceny– Shall be fined under this title or imprisoned not more than twenty years, or both.

. . .

(d) Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined under this title or imprisoned not more than twenty-five years, or both.

1   Cal. App. 4th 616, 632 (Cal. 1999).  As such, petitioner argues that the convictions should have

2   been construed as larceny burglary, the least punishable offense and not a serious felony under

3   California's three strikes law.

4               Review of the record, however, reveals that sufficient evidence existed for the

5   finding that the prior felony convictions constituted strikes.  In California, bank robbery (a

6   "serious felony" under the state's three strikes law) is defined to mean "to take or attempt to

7   take, by force or violence, or by intimidation from the person or presence of another any

8   property or money or any other thing of value belonging to, or in the care, custody, control,

9   management, or possession of, any bank, credit union, or any savings and loan association."  Cal.

10  Penal Code §§ 1192.7(c)(19), (d).  The evidence before the jury showed that petitioner pled

11  guilty to aiding and abetting *armed* bank robbery.  It was also revealed that petitioner pled guilty

12  not only to section 2113(a), but also to 2113(d), which necessarily requires "the use of a

13  dangerous weapon or device."  See 18 U.S.C. § 2113(d); Simpson v. United States, 435 U.S. 6,

14  11 n.6 (1978), superseded by statute, as recognized in United States v. Beierle, 77 F.3d 1199,

15  1201 n.1 (9th Cir. 1996)); United States v. Potts, 548 F. Supp. 1239, 1240-41 (D.C. Cal. 1982).

16  Lastly, petitioner admitted to the use of a firearm.

17              As the federal convictions included all the elements of a serious felony, the trial

18  court properly characterized the conviction as a strike, and the reviewing state courts properly

19  affirmed this determination.  Petitioner fails to demonstrate that the state courts' determination in

20  this regard was contrary to clearly established federal law or resulted in an unreasonable

21  determination of the facts.  Accordingly, petitioner is not entitled to federal habeas relief on this

22  claim.

23              For all of the foregoing reasons, petitioner's application for a writ of habeas

24  corpus should be denied.  Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the

25  United States District Courts, "[t]he district court must issue or a deny a certificate of

26  appealability when it enters a final order adverse to the applicant."  Rule 11, 28 U.S.C. foll.

1 § 2254.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant

2 has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

3 The court must either issue a certificate of appealability indicating which issues satisfy the

4 required showing or must state the reasons why such a certificate should not issue.  Fed. R. App.

5 P. 22(b).  The undersigned finds that petitioner has made a substantial showing and thus

6 recommends that a certificate of appealability should issue as to all claims.

7                    Accordingly, IT IS HEREBY RECOMMENDED that

8                    1.  Petitioner's application for a writ of habeas corpus be denied; and

9                    2.  The district court issue a certificate of appealability on all issues.

10                    These findings and recommendations are submitted to the United States District

11 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

12 days after being served with these findings and recommendations, any party may file written

13 objections with the court and serve a copy on all parties.  Such a document should be captioned

14 "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

15 objections shall be filed and served within fourteen days after service of the objections.  The

16 parties are advised that failure to file objections within the specified time may waive the right to

17 appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

18 DATED: November 15, 2010.

19

20                                        UNITED STATES MAGISTRATE JUDGE

21

22 /014;roy2379.157

23

24

25

26